IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CLIFFORD PAUL HOWARD,

        Petitioner,        3:12-cv-388-TC

      v.                      FINDINGS AND
                                  RECOMMENDATION
JOE DECAMP,

        Respondent.

COFFIN, Magistrate Judge.

    Petitioner is in the custody of the Oregon Department of Corrections pursuant to a judgment dated May 26, 2005, from the Columbia County Circuit Court after convictions for two counts of Attempted Murder, two counts of Attempted Assault in the First Degree and two counts of Unauthorized Use of a Weapon. Exhibit 101. After a jury convicted petitioner, the court imposed a sentence of 90 months of imprisonment for each

1 - FINDINGS AND RECOMMENDATION

count of Attempted Murder, and 60 months of imprisonment for each of the remaining counts. All sentences were ordered to run concurrently, giving petitioner a total sentence of 90 months of imprisonment. Id.

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Exhibits 105 - 109.

Petitioner filed a Revised Petition for Post-Conviction Relief, but the Umatilla County Circuit Court denied relief, the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Exhibits 136 - 140.

Petitioner filed a petition for habeas corpus relief under 28 U.S.C. § 2254 alleging 4 grounds for relief. Petition (#2) p. 6-7.

Respondent moves to deny relief as follows: "Ground Three was not fairly presented to Oregon's highest appellate court and is now procedurally defaulted. Grounds One and Two were denied in reasonable state court decisions entitled to deference. Finally, Ground Four fails to state a cognizable claim and should be denied." Response to Petition (#16) p. 1-2.

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the

2 - FINDINGS AND RECOMMENDATION

State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

To satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claims in state court "to give the State the opportunity to pass upon and correct the alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995). As part of the exhaustion requirement, a petitioner must "present the federal claim to the appropriate state courts ... in the mannerrequired by the state courts, thereby affording the state courts a meaningful opportunity to consider allegations of legal error." Casey v. Moore, 386 F.3d 896, 915-16, (9th Cir. 2004)(citing Vasquez v. Hillery, 474 U.S. 254, 257 (1986).

If a petitioner has failed to present a federal constitutional claim to the state's highest court (i.e., has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. at 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review

3 - FINDINGS AND RECOMMENDATION

is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451 (2000), <u>Coleman</u>, 501 U.S. at 750; <u>see also</u>, <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977); <u>Murray v. Carrier</u>, 477 U.S. 748 (1986); <u>Hughes v. Idaho Bd. of Corr.</u>, 800 F.2d 905 (9th Cir. 1986).

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. <u>Schlup v. Delo</u>, 513 U.S. 298, 329 (1995); <u>Calderon v. Thompson</u>, 523 U.S. 538, 559 (1998).

Petitioner alleges in Ground Three that his conviction was obtained "by use of evidence obtained pursuant to unlawful arrest. Officer Peabody got information from the defendant without reading him his Miranda right(s)." Petition (#2) p. 7.

Petitioner's only claim in his direct appeal was about the constitutionality of non-unanimous jury verdicts. Exhibit 105. In his PCR petition petitioner alleged numerous claims of ineffective assistance of counsel. Exhibit 110, p. 2-8. However, none of those claims are analogous to Ground Three. <u>Id</u>. On PCR appeal, petition raised only one claim that

4 - FINDINGS AND RECOMMENDATION

counsel was ineffective for failing to call certain witnesses. Exhibit 136.

Thus, whether Ground Three is construed as a claim of ineffective assistance of counsel or as a claim of trial court error, the claim is procedurally defaulted because petitioner did not raise the claim in his direct appeal or his PCR proceeding can no longer present that claim to the Oregon courts.[1] Petitioner has not alleged any cause and prejudice for his procedural default or established that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, habeas relief may be granted only when a state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceedings." 28 U.S.C. § 2254(d); Wiggins v. Smith, 539 U.S.

---

[1]ORS 138.071 requires that direct appeals be filed not later than 30 days after the judgment or order appealed from was entered in the register. ORS 138.650 requires PCR appeals to be filed within 30 days after the entry of final judgment. ORS 2.520 requires petitions for review to Oregon's Supreme Court to be filed within 35 days from the date of the Court of Appeals' decision. *See also* ORAP 9.05(2) (same)  Finally, ORS 138.550(3) provides that all PCR claims must be asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims not so asserted are deemed waived.

5 - FINDINGS AND RECOMMENDATION

510, 520 (2003); *see also* Lockyer v. Andrade, 538 U.S. 63 (2003).

A state court's decision is "'contrary to' federal law if it fails to apply the correct controlling Supreme Court authority or comes to a different conclusion ... [from] a case involving materially indistinguishable facts." Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002) (citing Bell v. Cone, 535 U.S. 685, 694). The Supreme Court has held that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000).

"[I]t is past question that the rule set forth in Strickland, qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams v Taylor, supra at 391. Under Williams, a petitioner may therefore be granted habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the state court was contrary to, or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984).

Under Strickland, a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components. First, the petitioner must show that counsel's performance was deficient; second, the petitioner must show

6 - FINDINGS AND RECOMMENDATION

that the deficient performance prejudiced the defense. <u>Id</u>. at 687.

The first prong of the <u>Strickland</u> test required the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness. <u>Strickland</u>, <u>supra</u> at 688. The second component of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id</u>., at 694. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome." <u>Id</u>.

In <u>Bell v. Cone</u>, 535 U.S. 685 (2002), the Court reiterated that when considering ineffective assistance of counsel claims:

> [J]udicial scrutiny of a counsel's performance must be highly deferential and that every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Thus, even when a court is presented with an ineffective-assistance claim not subject to §2254(d)(1) deference, a defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

<u>Bell</u>, 535 U.S. at 695 (citations and quotations marks omitted).

When considering ineffective assistance of counsel claims under 28 U.S.C. § 2254(d), "it is the habeas applicant's burden to show that the state court applied <u>Strickland</u> to the facts of his

7 - FINDINGS AND RECOMMENDATION

case in an objectively unreasonable manner." <u>Woodford v. Visciotti</u>, 537 U.S. 19, 25 (2002) (*per curiam*).

The AEDPA sets forth a "highly deferential standard for evaluating state court rulings." which requires that state court decisions be given the benefit of the doubt. <u>Wodford v. Visciotti</u>, 537 U.S. 19 (2003) (per curiam) (*quoting* <u>Lindh v. Murphy</u>, 521 U.S. 320, 333 n. 7 (1997); *see also*, <u>Cheny v. Washington</u>, 614 F.3d 987, 995 (9th Cir. 2010); *citing* <u>Yarborough v. Gentry</u>, 540 U.S. 1, 6 (2003) (per curiam)(discussing a federal court's need to review a state court decision regarding *Strickland* under the AEDPA with a "double deference.").

In Ground One, petitioner alleges that trial counsel was ineffective for not calling Paul and Diana Mason as witnesses because their testimony would have shown that petitioner was not homicidal and that he had "planned to stay the night at their house." Petition (#2) p. 6. Petitioner raised this identical claim in his PCR petition. Exhibit 110, p. 3.

The PCR court found that "[p]etitioner submitted insufficient evidence on all his claims." Exhibit 135, p. 2. The court also found:

> All of petitioner's claims fail on both prongs, *i.e.*, (1) that counsel had an unreasonable lapse of professional judgment, and (2) such lapse of professional judgment prejudiced petitioner. All of petitioner's claims fail on both prongs under both state and federal law.

<u>Id</u>.

case in an objectively unreasonable manner." <u>Woodford v. Visciotti</u>, 537 U.S. 19, 25 (2002) (*per curiam*).

The AEDPA sets forth a "highly deferential standard for evaluating state court rulings." which requires that state court decisions be given the benefit of the doubt. <u>Wodford v. Visciotti</u>, 537 U.S. 19 (2003) (per curiam) (*quoting* <u>Lindh v. Murphy</u>, 521 U.S. 320, 333 n. 7 (1997); *see also*, <u>Cheny v. Washington</u>, 614 F.3d 987, 995 (9th Cir. 2010); *citing* <u>Yarborough v. Gentry</u>, 540 U.S. 1, 6 (2003) (per curiam)(discussing a federal court's need to review a state court decision regarding *Strickland* under the AEDPA with a "double deference.").

In Ground One, petitioner alleges that trial counsel was ineffective for not calling Paul and Diana Mason as witnesses because their testimony would have shown that petitioner was not homicidal and that he had "planned to stay the night at their house." Petition (#2) p. 6. Petitioner raised this identical claim in his PCR petition. Exhibit 110, p. 3.

The PCR court found that "[p]etitioner submitted insufficient evidence on all his claims." Exhibit 135, p. 2. The court also found:

> All of petitioner's claims fail on both prongs, *i.e.*, (1) that counsel had an unreasonable lapse of professional judgment, and (2) such lapse of professional judgment prejudiced petitioner. All of petitioner's claims fail on both prongs under both state and federal law.

<u>Id</u>.

8 - FINDINGS AND RECOMMENDATION

Petitioner has failed to present any evidence or argument to establish that the result of his trial likely would have been different if the Masons had testified. The Masons were not present when the shooting occurred. At his PCR deposition, petitioner stated that Paul and Diana Mason could have testified about his mental state "between 45 minutes and an hour" prior to the shooting. Exhibit 126, p. 20-21. Some of the statements in their affidavits contradict petitioner's position that he lacked the requisite intent or were otherwise harmful to the defense. *See* Exhibits 11 and 114.[2]  Any testimony that petitioner was not suicidal or homicidal would have been contradicted by the evidence that petitioner stated "it was about til death do us part"[3] before consuming 25 sleeping pills and loading (or trying to load) a .357 magnum pistol, and by his action of shooting the truck the victim was driving with a shotgun at least twice.

In short, petitioner has failed to demonstrate how the Masons' testimony would have helped his defense. Therefore, the PCT trial court's finding that petitioner failed to establish either prong of the *Strickland* test was not an unreasonable application of *Strickland* and is entitled to deference by this court.

---

[2]For example, the Affidavit of Diana Mason states: Cliff Howard was certainly out of control and in a bad emotional state, and the beer and pills didn't help the situation." Exhibit 114, p. 4

[3]Exhibit 103, p. 175.

9 - FINDINGS AND RECOMMENDATION

Petitioner alleges in Ground Two that he was denied a fair trial because the court told the jury that "[t]en or more jurors must agree on each of your verdicts." Petitioner alleges the claim in Ground Two as his sole claim in his direct appeal to the Oregon Court of Appeals. Exhibit 106. As noted above, the Court of Appeals affirmed petitioner's conviction without opinion and the Oregon Supreme Court denied review. These state court decisions are entitled to deference by this court because they are not "contrary to" or an "unreasonable application" of Apodaca v. Oregon, 406 U.S. 404, 406 (1973) (plurality opinion) ("the requirement of unanimity" in juries "is not of constitutional stature."), and Johnson v. Louisiana, 406 U.S. 356, 362 (1972)("the State satisfied its burden by proving guilt beyond any reasonable doubt" when nine jurors voted to convict).

The state court decisions denying plaintiff non-unanimous jury claim is not "contrary to" but rather aligns directly with the controlling Supreme Court precedent of *Apodaca* or *Johnson*.[4] Accordingly, the decision is entitled to deference by this court and correct on the merits.

Petitioner alleges in Ground Four "Denial of effective

---

[4]The Court of Appeals decision to affirm petitioner's conviction is also consistent with its own precedent. See, State v. Rennells, 213 Or. App. 423, 425 n. 2, 162 P.3d 1006 (2007)("we respectfully decline " the invitation to address "recent constitutional developments, social studies, and changes in the law requiring a reevaluation," of *Apodaca* and *Johnson*).

10 - FINDINGS AND RECOMMENDATION

assistance of counsel in post conviction hearing.  Attorney Robert Klahn failed to submit evidence petitioner gave him and requested he submit to the court in post conviction hearing." Petition (#2) p. 7.

Petitioner does not allege what evidence he believes his post-conviction attorney failed to submit.  However, in his deposition, petitioner suggested four pieces of evidence he may be referring to.  They are: a forensic psychologist's report from an evaluation of petitioner; the Veterans' Administration medical records regarding petitioner; petitioner's personal journal of the events at issue in the underlying criminal proceeding; and a letter to petitioner from the victim. Exhibit 126 at p. 36-37 and Exhibit 131 at p. 69, 74-75.

There is no constitutional right to counsel in state post-conviction proceedings. <u>Coleman v. Thompson</u>, 501 U.S. 722, 752 (1991).  Therefore, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings as a ground for habeas corpus relief. <u>Id</u>.; see also, <u>Wainwright v. Torna</u>, 455 U.S. 586 (1982).

The United States Supreme Court recently created a narrow exception to the procedural default doctrine which, in limited circumstances, may allow ineffective assistance of "first tier" collateral review counsel to constitute cause to potentially excuse defaulted claims of ineffective assistance of trial counsel that

11 - FINDINGS AND RECOMMENDATION

may have "some merit." See, Martinez v. Ryan, 132 S.Ct. 1309, 1318 (2012).

However, the *Martinez* exception only applies to ineffective trial counsel claims that initial collateral-review counsel failed to raise. Id. at 1315, 1318, 1320. The exception "does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons." Id.

*Martinez* reaffirmed the holding in *Coleman* that an attorney's negligence in a post-conviction proceeding does not establish cause *except* as to initial-review collateral proceedings for claims of ineffective assistance of trial counsel. Sexton v. Cozner, 679 F.3d 1150, 1157 (9th Cir. 2012).

In this case, the *Martinez* exception does not apply to petitioner's Ground Four because petitioner does not identify any ineffective assistance of trial counsel claim that his PCR attorney Klahn failed to raise. Petitioner merely alleges that Klahn was ineffective for failing to submit unspecified evidence.

In short, because petitioner generally has no constitutional right to counsel in PCR proceedings and because the narrow *Martinez* exception is inapplicable, petitioner's Ground Four fails to state a claim for habeas corpus relief.

In Summary, petitioner's Ground Three is procedurally

12 - FINDINGS AND RECOMMENDATION

defaulted, Grounds One and Two were denied in state court decisions entitled to deference by this court, and Ground Four fails to state a claim for habeas corpus relief.

Petitioner's Petition (#2) should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to _de novo_ consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

/////
/////
/////
////

13 - FINDINGS AND RECOMMENDATION

### Certificate of Appealability

Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).

DATED this 14 day of December, 2012.

_____
Thomas M. Coffin
United States Magistrate Judge

14 - FINDINGS AND RECOMMENDATION